UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EON P.,

                Plaintiff,

         -v-                                          5:24-CV-570 (AJB/MJK)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                                                 **OF COUNSEL:**

OLINSKY LAW GROUP                          HOWARD D. OLINSKY, ESQ.
Attorneys for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION      FERGUS J. KAISER, ESQ.
Office of the General Counsel                 Special Assistant U.S. Attorney
Attorneys for Defendant
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

       On April 26, 2024, plaintiff Eon P.[1] ("plaintiff") filed this civil action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

---

[1] On May 1, 2018, the Judicial Conference's Committee on Court Administration and Case Management issued a memorandum that encouraged courts to better protect the privacy of non-governmental parties in Social Security matters by using only the first name and last initial of the claimant in published opinions.

The matter was assigned to Chief U.S. District Judge Brenda K. Sannes, who referred the case to U.S. Magistrate Judge Mitchell J. Katz for a Report & Recommendation ("R&R").  Dkt. No. 5.  Thereafter, Judge Katz granted plaintiff's IFP Application, Dkt. No. 7, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 8, and the parties briefed the matter in accordance with General Order 18, which provides that an appeal from the Commissioner's denial of benefits will be treated as if the parties have cross-moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, Dkt. Nos. 11, 18, 19.  The matter has been reassigned to this Court for further proceedings but has remained referred to Judge Katz for the issuance of an R&R.  Dkt. No. 15.

On April 16, 2025, Judge Katz advised by R&R that: (1) plaintiff's motion should be denied; (2) the Commissioner's motion should be granted; (3) the Commissioner's final decision should be affirmed; and (4) plaintiff's complaint should be dismissed.  Dkt. No. 20.

Plaintiff has lodged objections.  Dkt. No. 21.  There, plaintiff argues that the ALJ failed to adequately explain why he did not incorporate certain mental limitations in the RFC (at step four) and, relatedly, that he failed to address the consistency and supportability factors.  *Id*.  In addition, plaintiff contends that the ALJ misapplied certain regulations that, either alone or in combination with other factors, should have led to a finding of disability.  *See id*.  In opposition, the Commissioner argues that plaintiff already made these same arguments to Judge Katz, who fully understood them, evaluated them at length, and properly rejected them.  Dkt. No. 23.

Upon review of the briefing, plaintiff's objections must be overruled.  First, a review of the R&R confirms that Judge Katz in fact carefully considered plaintiff's contentions, including the argument that the ALJ had erred with respect to his consideration of the opinion evidence from plaintiff's therapist.  Under these circumstances, it has long been the rule that a District

Court should apply the "clear error" standard of review. *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015) (collecting cases). There is no clear error here.

Second, even if the Court were to apply the more rigorous standard of *de novo* review, plaintiff's objections would not warrant relief, either. As the Commissioner explains, Judge Katz appropriately concluded that the ALJ applied the correct legal standards and supported his findings with substantial evidence in the record. Plaintiff's related contention; *i.e.*, that Judge Katz handwaved away the ALJ's procedural error, is a mischaracterization of the language in the R&R. As the Commissioner correctly explains, Judge Katz's statement about alleged procedural error being harmless was merely an alternative basis on which to reject plaintiff's arguments, not the sole or even a principal rationale justifying affirmance. Accordingly, for the reasons set forth above, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 20) is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED;

4. The Commissioner's final decision is AFFIRMED; and

5. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: May 19, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge